NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2144
_____

In re: RAMS ASSOCIATES, L.P., Debtor


EDWARD BOND, Litigation Trustee

v.

JOHN C. SABO; WORTHINGTON CAPITAL LLC; JOSEPH CARBALLEIRA

Joseph Carballeira,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-20-cv-14965)
District Judge: Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2022
_____

Before:  KRAUSE and PHIPPS, *Circuit Judges*, and STEARNS, *District Judge.*[*]

(Filed: June 1, 2022)
_____

OPINION[**]
_____

---

[*] The Honorable Richard G. Stearns, District Judge, United States District Court for the District of Massachusetts, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

After a New Jersey limited partnership, Rams Associates, filed for bankruptcy, certain of its unpaid creditors, through a litigation trust, obtained a default judgment against one of the general partners, Joseph Carballeira. The amount of that judgment was approximately $3.3 million.

Based on two developments, Carballeira now argues that he has satisfied that judgment. First, he previously had a claim against Rams Associates for $1.75 million. Although he waived that claim in exchange for a release from the third-party purchaser of Rams Associates' assets, he contends that his prior claim entitles him to a $1.75 million setoff against the default judgment. Second, after closure of the bankruptcy case, one of the creditors represented by the litigation trust, William Heinzerling, stated in an affidavit filed with the Bankruptcy Court that he wanted to waive his claim to $1.8 million of the default judgment. Carballeira argues that the affidavit suffices to expunge his liability for $1.8 million of the judgment.

Carballeira tried to obtain a court order declaring that he had satisfied the default judgment, but he did not prevail. Exercising its delegated authority, *see* 28 U.S.C. §§ 151, 157(a)–(b)(1), 1334(a), the Bankruptcy Court denied his request for a warrant for satisfaction of the judgment. Carballeira then appealed to the District Court, *see id.* § 158(a), which affirmed the Bankruptcy Court's order. Through a timely appeal, Carballeira brought this case within this Court's appellate jurisdiction. *See* 28 U.S.C. § 1291; Fed. R. App. P. 4(a)(1)(A).

In reviewing the District Court's order *de novo*,[1] which entails "stand[ing] in the shoes of the District Court" to evaluate the Bankruptcy Court's legal conclusions *de*

---

[1] *See In re Phila. Newspapers, LLC*, 599 F.3d 298, 303 (3d Cir. 2010).

*novo*[2] and its discretionary decisions for abuse,[3] we will affirm the judgment of the District Court.

### 1.    *The Inappropriateness of a Setoff*

Carballeira does not have a right to a setoff. To qualify for a setoff in bankruptcy, the debts must be mutual. *See* 11 U.S.C. § 553(a) (allowing parties to claim a setoff only when the debts they owe each other are "mutual"). That means that "the debts must be in the same right and between the same parties, standing in the same capacity." *In re Orexigen Therapeutics, Inc.*, 990 F.3d 748, 754 (3d Cir. 2021) (quoting *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 896 F.2d 54, 59 (3d Cir. 1990)). At the outset, Carballeira waived his prior claim against Rams Associates in return for a release from another party, and due to the mutuality requirement, an extinguished claim cannot provide a basis for a setoff. And here Rams Associates no longer owes a debt to Carballeira. But even if Carballeira's prior claim remained, it would not suffice for a setoff. That claim was for a debt that Rams Associates owed to Carballeira. For that claim to meet the mutuality requirement, it would have to be paired with a debt that Carballeira owed to Rams Associates. But the default judgment against Carballeira is for debts owed by Rams Associates to its creditors, for which Carballeira is liable as a general partner.[4] Those debts are not mutual: the creditors have a claim against

---

[2] *In re Glob. Indus. Techs., Inc.*, 645 F.3d 201, 209 (3d Cir. 2011) (en banc) (internal quotation marks omitted).

[3] *See In re Am. Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007).

[4] *See* N.J. Stat. Ann. §§ 42:2A-32(b) (stating that "a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners"), 42:1A-18(a) (stating that, in a partnership, "all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law"); *see also Butner v. United States*, 440 U.S. 48, 54 (1979) (stating that "the determination of property rights in the assets of a bankrupt's estate" is generally

Carballeira, but Carballeira has no claim against the creditors; his claim, if still extant, would be against Rams Associates. *See Orexigen*, 990 F.3d at 754 (explaining that mutuality "mean[s] only debts owing between two parties, specifically those owing from a creditor directly to the debtor and, in turn, owing from the debtor directly to that creditor" and does not include "any contractual elaboration on that kind of simple, bilateral relationship").

### 2.     *The Insufficiency of Heinzerling's Affidavit Waiving His Claim*

The District Court was also correct that the Bankruptcy Court did not abuse its discretion in declining to expunge Heinzerling's claim to $1.8 million of the default judgment based on his affidavit. Heinzerling has a *prima facie* valid claim against Carballeira, which could be waived through a motion to expunge. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); *In re Kane*, 628 F.3d 631, 635 (3d Cir. 2010) (describing a bankruptcy court's expungement of a claim following a motion to expunge). But due to a dispute over the payment of the $1,167 filing fee required to reopen this case (a prerequisite to filing a motion to expunge), *see* 28 U.S.C. § 1930(a)(3), no one filed such a motion. Rather, Carballeira filed the Heinzerling affidavit in the closed bankruptcy proceedings. A bankruptcy court does not abuse its discretion by declining to rely on an affidavit to expunge a claim in a closed case and by instead requiring the case's reopening and the filing of a motion to expunge. *See In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 156 (3d Cir. 1997) (explaining that courts have the power to "manage their own affairs" to achieve the

---

controlled by state law); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95 n.3 (3d Cir. 1994) (same).

4

"orderly and expeditious disposition of cases"); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." (internal quotation marks omitted)).

\* \* \*

For the foregoing reasons, we will affirm the judgment of the District Court.